IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROOSEVELT WILLIAMS,

                        Plaintiff,

    v.

ANDREW J. LARSON, JOE L. FALKE,
and RANDALL R. HEPP,

                        Defendants.

ORDER

21-cv-396-jdp

---

       Plaintiff Roosevelt Williams, appearing pro se, is a former state of Wisconsin prisoner. Williams alleges that when he was incarcerated at Waupun Correctional Institution, he was bitten by a bat and that defendant prison officials were aware of the risk bats posed to inmates but didn't take measures to eliminate that risk.

       The parties have filed cross-motions for summary judgment. But Williams has not filed his joint reply supporting his own motion and response opposing defendants' motion. Instead, he has filed a series of documents that I construe either as motions to compel discovery or motions to stop defendants from blocking his ability to file his materials.

       I will deny Williams's motions to compel discovery, dkts. 28 and 29, because the only materials he seeks are defendants' employee disciplinary records or inmate complaints regarding defendants' alleged past misconduct. At this point of the proceedings the only purpose those records would serve would be inadmissible prior bad acts evidence under Federal Rule of Evidence 404. At trial, these records might be relevant to credibility determinations. If this case proceeds past summary judgment, then Williams should renew his request for those records; the court would reconsider the relevance of those documents and if necessary, review them in camera.

Williams has also filed several motions stating that prison staff blocked his ability to file his final round of summary judgment materials by confiscating the lion's share of his legal materials and restricting his time to prepare legal filings, *see* dkts. 51–53, 57. Defendants respond that they confiscated some materials while Williams was placed in segregation but that they returned everything to him shortly thereafter. Williams continues to dispute defendants' version of events, stating that they still have multiple boxes of his materials, and he seeks sanctions or an evidentiary hearing on the issue.

Williams doesn't explain in detail specifically what materials he claims to be missing other than "case files," "research," and "case law photo copies." There isn't a need for the court to hold an evidentiary hearing or to consider sanctions because even if Williams doesn't currently have all of his documents, the issue can be resolved without any prejudice to him. I will give him a final chance to submit his reply supporting his own summary judgment motion and his response to defendants' cross-motion for summary judgment.

To fill the gaps in Williams's legal materials, I will direct the clerk of court to send Williams courtesy copies of the parties' summary judgment motions and supporting materials, as well as another copy of the court's procedures to be followed on summary judgment that were attached to the preliminary pretrial conference order, dkt. 21. I will also direct defendants to send Williams another copy of their discovery responses. Williams complains about not having all of his case law research material, but he doesn't need those materials to file his summary judgment briefing. The law regarding Williams's rights under the Eighth Amendment is well developed and this court will apply that law to the facts of this case. Williams's task is to present the facts supporting his claims and addressing defendants' proposed findings of fact. Williams

should not expect the court to grant him any further extensions of his summary judgment briefing deadline.

## ORDER

It is ORDERED that:

(1) Plaintiff's motions to compel discovery, dkts. 28 and 29, are DENIED.

(2) Plaintiff's motions regarding prison officials blocking his access to the courts and for sanctions, dkts. 51–53, 57, are DENIED.

(3) The clerk of court is directed to send plaintiff copies of the parties' summary judgment motions, supporting materials, and the court's summary judgment procedures.

(4) Defendants may have until September 1, 2022, to send plaintiff a copy of their discovery responses.

(5) Plaintiff may have until September 13, 2022, to file his reply supporting his own summary judgment motion and his response to defendants' cross-motion for summary judgment. Defendants may have until September 23, 2022, to file a reply to their summary judgment motion.

Entered this 24th day of August, 2022.

BY THE COURT:

/s/
_____
STEPHEN L. CROCKER
Magistrate Judge