IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROOSEVELT WILLIAMS,

                    Plaintiff,

        v.                                          OPINION and ORDER

ANDREW J. LARSON, JOE L. FALKE,                     21-cv-396-jdp
and RANDALL R. HEPP,

                    Defendants.

---

Plaintiff Roosevelt Williams, appearing pro se, is a former state of Wisconsin prisoner. Williams alleges that when he was incarcerated at Waupun Correctional Institution, he was bitten by a bat and that defendant prison officials were aware of the risk bats posed to inmates but didn't take measures to eliminate that risk.

The parties have filed cross-motions for summary judgment. Because Williams fails to produce evidence showing that defendants knew of and disregarded a significant risk of inmates being bitten by bats, I will deny Williams's motion for summary judgment, grant defendants', and dismiss the case.

PRELIMINARY MATTERS

I begin with some preliminary matters.

**A.  Williams's failure to submit summary judgment briefing**

The parties have filed cross-motions for summary judgment. But Williams did not file his reply supporting his own motion or his response opposing defendants' motion. Instead, he filed documents the court considered as either motions to compel discovery or motions to stop defendants from blocking his ability to prepare his materials. The court denied Williams's

motions to compel because he sought defendants' employee disciplinary records and inmate complaints regarding defendants' alleged past misconduct, materials that could be used to impeach defendants' credibility at trial but were irrelevant for the summary judgment stage. Dkt. 59, at 1. The court denied Williams's motion for sanctions regarding the confiscation of his legal materials and denial of law library time but ordered the clerk of court and defendants to send Williams—who by now was out of prison—new copies of the discovery materials and the parties' summary judgment filings. *Id.* at 2. The court also gave Williams a final deadline to submit his reply to his own motion for summary judgment and his response to defendants' motion. *Id.* at 2–3.

Even after receiving copies of these materials, Williams did not respond by his new deadline. Some of defendants' proposed findings of fact are already disputed by Williams's own motion for summary judgment or by his verified complaint. But I will consider any other proposed findings submitted by defendants to be undisputed for purposes of summary judgment.

## B. Motion to amend the complaint

During the briefing of the parties' summary judgment motions but before the court ruled on his motions to sanction defendants for withholding his legal materials, Williams filed a motion to amend his complaint to add claims that defendants violated his right of access to the court by confiscating his legal materials. Dkt. 44.

The court should "freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), but it would be unfair to defendants to add new claims and almost completely reset the case schedule after the parties had already filed summary judgment motions on

Williams's Eighth Amendment claims. So I will deny this motion and proceed to rule on the parties' cross-motions for summary judgment on Williams's Eighth Amendment claims.

## UNDISPUTED FACTS

The following facts are drawn from the parties' proposed findings of fact and are undisputed unless otherwise noted.

At the time of the events relevant to this case, plaintiff Roosevelt Williams was an inmate at Waupun Correctional Institution (WCI). Defendants all worked at WCI: Randall Hepp was the warden, Joseph Falke was the security director, and Andrew Larson was a captain in Williams's cell hall.

On March 24, 2021, while Williams was lying in his bunk, a bat bit his right hand. Williams was taken to the emergency room and he was started on a series of injections to treat a possible rabies infection. That treatment was discontinued after testing on the bat showed that it did not have rabies.

Williams wrote to defendant Falke's security office on an "interview/information request" form about the bite and his medical treatment. A security employee responded, "This is not a security issue, contact [the Health Services Unit]." Dkt. 25-1, at 1.

Williams also wrote to defendant Larson accusing him of negligence and having a vendetta against him. Larson responded in part that he was "not 'Batman' and do[es] not control the Bat population here at WCI." Dkt. 25-2, at 1.

In his verified complaint, Williams says that defendants "knew about the 'bat(s)'" at WCI. Defendants say that they were not aware of a bat problem: Williams's incident was the

first time that defendants had heard of an inmate being bitten by a bat. In 2013, there was a bat sighting in one of the cell halls, but there were no reports of problem from that bat.

Occasionally pigeons will enter the institution when the double doors are open during inmate movement; they are removed from the institution as quickly as possible. Defendants say that it is difficult for a bird or bat to enter a cell hall because to get there the animal would have to pass through three sets of doors that are ordinarily closed.

Pest control services, contracted by the Waupun Maintenance Department, come to WCI once a month to inspect for signs of pests and rodents, take preventative measures, and determine treatment as needed.

I will discuss additional facts as they become relevant to the analysis.

ANALYSIS

In his complaint, Williams alleged that defendants were aware of bats living inside WCI and they did nothing to eliminate the problem. I granted Williams leave to proceed on Eighth Amendment claims against defendants for disregarding the risk of harm from bats.

The Eighth Amendment to the United States Constitution requires the government to "provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). Conditions of confinement that expose a prisoner to a substantial risk of serious harm are unconstitutional. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). To demonstrate that prison conditions violated the Eighth Amendment, a plaintiff must allege facts that satisfy a test involving both an objective and subjective component.

4

*Farmer*, 511 U.S. at 834. The objective analysis focuses on whether prison conditions were sufficiently serious so that "a prison official's act or omission results in the denial of the minimal civilized measure of life's necessities," *id.*, or "exceeded contemporary bounds of decency of a mature, civilized society." *Lunsford v. Bennett*, 17 F.3d 1574, 1579 (7th Cir. 1994). The subjective component requires an allegation that prison officials consciously disregarded the risk of serious harm to the plaintiff. *Id.* This means that the defendant knew that the plaintiff faced a substantial risk of serious harm and yet disregarded that risk by failing to take reasonable measures to address it. *Farmer*, 511 U.S. at 847.

In my order granting Williams leave to proceed on his Eighth Amendment claim, I stated the following:

> I warn Williams that at summary judgment or trial, he will have to present evidence showing that defendants actually knew about a significant bat problem and that they consciously disregarded the risk. It's not uncommon for animals to make their way into buildings, and the Eighth Amendment does not mandate a completely pest-free environment. It will not be enough for Williams to show that a defendant acted negligently or should have known of the risk.

Dkt. 14, at 2–3.

Willliams did not heed this warning. In his verified complaint he stated vaguely that defendants "knew" about "bat(s)" but at summary judgment he has provided no evidence suggesting that there was a significant bat problem at WCI or evidence that defendants were aware of such a problem. To the contrary, defendants say that Williams's bite was the first reported bat incident that they were aware of and that there was a "bat sighting" eight years earlier.

Nor does Williams provide any evidence suggesting that defendants consciously disregarded the risk of harm from bats. Defendants explain how difficult it would be for a bat

to gain entry though the doors of the facility, and Williams does not suggest that defendants kept the doors open despite knowing that bats would fly in. Defendants do not discuss other ways that a bird or bat might gain entry, such as a hole in the roof, but Williams does not provide evidence suggesting that staff failed to maintain the roof. And defendants explain that they contract for monthly pest-control services, which shows that they have not disregarded the problem.

"The Constitution is not a strict liability statute." *Bartlett v. Winans*, No. 16-CV-1185, 2018 WL 297566, at *4 (C.D. Ill. Jan. 4, 2018) (citing *Rosario v. Brawn*, 670 F.3d 816, 822 (7th Cir. 2012) ("We do not require perfection. . . . Rather, we require . . . something approaching a total unconcern . . . ." (citation and internal quotation omitted)). Put another way, the fact that Williams was bitten by a bat is not enough to show that defendants consciously disregarded the risk of harm that bats might pose at WCI. Courts often observe that summary judgment requires the party with the burden of proof to "put up or shut up," pointing to evidence from which a reasonable jury could find in its favor of each element of its claim. *See, e.g.*, *Beardsall v. CVS Pharmacy, Inc.*, 953 F.3d 969, 973 (7th Cir. 2020). Because Williams has failed to present evidence that could lead a jury to find in his favor, I will deny Williams's motion for summary judgment, grant defendants', and dismiss the case.

ORDER

IT IS ORDERED that:

1. Plaintiff Roosevelt Williams's motion to amend his complaint, Dkt. 44, is DENIED.

2. Plaintiff's motion for summary judgment, Dkt. 23, is DENIED.

3. Defendants' motion for summary judgment, Dkt. 32, is GRANTED.

4.  The clerk of court is directed to enter judgment for defendants and close this case.

Entered October 3, 2022.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge